UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN WILLIAMS #221217, | Civil Case No. 1:07-cv-1052 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| ALLEGAN COUNTY SHERIFF DEPARTMENT, Sheriff BLAINE KOOPS, Sgt. JOHN SAXTON, Sgt. NYLA MERRELL, and Sgt. UNKNOWN REWALL, | |
| Defendants. | |

**Order Overruling the Petitioner's Objection and Adopting the R&R;
Dismissing the Complaint for Failure to State a Claim;
Terminating the Case**

This is a title 42 U.S.C. § 1983 civil-rights action brought by a *pro se* prisoner. The complaint is construed to allege violations of his federal constitutional rights to procedural due process and access to the courts. The case was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties

to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) (same) (citing 28 U.S.C. § 636(b)(1)). Clerk's Office docket records indicate that the R&R, issued on December 19, 2007, was mailed to Williams on December 20, 2007. Williams filed an objection on December 28, 2007, which was timely. However, the objection fails to identify any substantive defect in the R&R's analysis of the procedural due process and access-to-the-courts issues.

The court finds the R&R to be well-reasoned.[1] First, the court shares the Magistrate Judge's

---

[1]

The court adds only one item to the R&R. The R&R states, "A complaint fails to state a claim upon [which] relief can be granted when it is clear that no relief could be granted under a set of facts that could be proved consistent with the allegations of the complaint." R&R at 2. Until mid-2007, our Circuit indeed followed the rule that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond fact that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 728 (6th Cir. 2007) (quoting *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))).

However, in *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955 (2007),

> the Supreme Court . . . clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 . . . . Additionally, the Court emphasized that even a plaintiff need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* . . . .
>
> In so holding, the court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson* . . . categorizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (paragraph break added). *See, e.g.,* applying *Twombly* standard: *Ybarra v. K&S Flooring Servs., Inc.*, 2008 WL 607267, *1 (W.D. Mich. Feb. 29, 2008) (Enslen, J.) and *Hudson v. Phillipson*, 2008

interpretation of the complaint as alleging that Williams' driver's license was intentionally taken or negligently lost after his arrest, thereby violating his right to procedural due process;[2] that he needs the license in order to address an outstanding ticket and warrant in Kent County, Michigan, and in order to be able to drive upon his upcoming release from prison; that the Sheriff's Department

---

WL 356884, *2 (W.D. Mich. Feb. 7, 2008) (Miles, J.).

> Nonetheless, as Chief Judge Bell has explained,
>
> *Bell Atlantic* focused on pleading requirements rather than evidentiary requirements . . . . *Bell Atlantic* did not suggest that an inquiry into the truth of the factual allegations would be appropriate under Rule 12(b)(6). On the contrary, the Supreme Court specifically noted that Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations, and that a well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.

*Continental Identification Prods., Inc. v. Entermarket Corp.*, 2007 WL 2963378, *6 (W.D. Mich. Oct. 9, 2007) (quoting *Twombly*, 127 S.Ct. at 1965) (quotation marks omitted).

*Twombly*'s modification of the 12(b)(6) standard does not affect the analysis or outcome here. In some cases, *Twombly* may make it *easier*, not harder, to grant 12(b)(6) dismissal than the *Conley* standard. Under *Conley* or the current *Twombly* standard, Williams' complaint must be dismissed for failure to state a claim on which relief can be granted for the reasons stated by the R&R.

[2]

Williams contends the Magistrate Judge misunderstood the gravamen of his claims. He

> finds it some what confusing as to how the courts could have misinterpreted his civil complaint from a blaint [sic] and clear violation of his constitutional 14th Amendment right, where the Defendants have continuously denied and refused to grant him access to the Courts and give this state parolee access to any or all legal material to fight against pending litigation in the 61st District Court, Kent County, to where it was turned around into a claim of lost property consurning [sic] a driver['s] license. The drivers license was only brought up to explain what was going on in 61st District Court and what the processes w[ere] as to what had happien [sic] to it . . . .

Williams' Objection ¶ 2. To the extent that Williams' objection does not disavow or abandon a procedural due-process claim with regard to the prison's failure to return his driver's license, that claim will be dismissed for the reasons stated below.

withheld legal materials from him at the jail; and that correctional officers failed to respond to notes or grievances complaining about the lack of legal materials.

As the R&R correctly notes, Williams' claim about his missing driver's license is premised on an allegedly unauthorized act of a state employee, not an act carried out at the direction of the State or according to an established State procedure. Accordingly, to make out a viable due-process claim, Williams must plead and prove that Michigan's state post-deprivation remedies are inadequate, and he has not done so. That alone requires the dismissal of his procedural due-process claim for failure to state a claim. *See, e.g.,* holding that prisoner failed to state a procedural due-process claim because he failed to prove that the State of Michigan lacked adequate post-deprivation remedies for loss of personal property: *Hunt v. Michigan*, 92 F. App'x 300 (6th Cir. 2004) (per curiam) (Krupansky & Gilman, JJ., & Russell, D.J.) (confiscated chess set); *Lillie v. McGraw*, 1997 WL 778050 (6th Cir. Dec. 12, 1997) (per curiam) (Wellford, Norris, & Siler, JJ.) (television set allegedly broken by prison officials); *Mowatt v. Miller*, 96 F.2d 1422, 1993 WL 27460 (6th Cir. Feb. 5, 1993) (per curiam) (Ryan, Siler, & Lively, JJ.) (funds allegedly improperly applied to deficit in prison account).

The R&R also correctly concludes that Williams fails to state a claim for denial of his constitutional right of access to the courts based on the defendants' alleged refusal to afford him access to legal resources and materials needed to sue for recovery of his driver's license (or, possibly, to use the license in some other litigation in Kent County, Michigan).

Litigation to recover a driver's license – or to contest a traffic ticket, license suspension, or license revocation, if any of those are the subject of the Kent County proceedings to which Williams refers – does not fall within that narrow category of cases where the First Amendment forbids the

State to restrict a prisoner's ability to litigate. The federal constitutional right of access to the courts applies only to actions directly or collaterally attacking a sentence or civil-rights claims challenging the conditions of confinement. *See,* holding that prisoner's desired litigation was not the type that triggered First Amendment right of access to the courts: *Fields v. County of Lapeer*, 238 F.3d 420, 2000 WL 1720727, *1 (6th Cir. Nov. 8, 2000) (per curiam) (Krupansky, Batchelder & Gilman, JJ.) (legal-malpractice claim); *Taylor v. Carlton*, 201 F.3d 441, 1999 WL 1252893, *2 (6th Cir. Dec. 14, 1999) (per curiam) (Jones, Cole & Gilman, JJ.) (action to recover for damage to television set); *Pryor v. Hurley*, 2006 WL 2711677 (S.D. Ohio Sept. 21, 2006) (action to amend a state-court order relating to custody of a minor child); *Lewis v. Randle*, 66 F. App'x 560 (6th Cir. 2003) (per curiam) (Cole, Suhrheinrich, D.J. Carr) (probate action).[3]

Finally, Williams' objection alleges that in retaliation for his repeated requests for access to a law library, prison officials moved him to a part of the prison that he calls "max" and kept him "locked down." *See* Objection ¶¶ 4-5. Williams never sought leave to amend his complaint to add a retaliation claim, and this court would not entertain such an amendment at this late stage in the case. *Cf. Rich v. US*, 2005 WL 2277069, *1 (W.D. Mich. Sept. 19, 2005) (Quist, J.) ("In his objections to the Report and Recommendation, Petitioner . . . raises an entirely new argument . . . This Court will not consider this argument for the following reasons: first*, this argument is not properly before the Court because Petitioner did not file [a motion for] leave to amend his § 2255*

---

[3]

*Cf. Aziz v. Stubblefield*, 2007 WL 1557413 (E.D. Mo. May 25, 2007) (granting summary judgment to defendant prison warden, law librarian, and employee on prisoner's claim that his right of access to the courts was violated when they allegedly delayed his receipt of legal mail, hid lawbooks from him, and refused to let him use the law library more than once a week; "[P]laintiff's alleged loss of his driver's license because he was allegedly unable to effectively litigate in state court to have his license restored or not revoked] due to a lack of traffic law statutes in the law library does not raise a constitutional claim.").

*motion with this new argument . . . .*") (emphasis added).

As the Sixth Circuit has explained,

> Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.

*Murr v. US*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing, *inter alia*, *US v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Brown v. Potter*, 2006 WL 839096, *1 (W.D. Mich. Mar. 28, 2006) (Quist, J.) ("A party may not raise an issue for the first time in an objection to a report and recommendation.") (citing *Paterson-Leitch Co. v. Mass. Munic. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) and *O'Neil v. Appel*, 165 F.R.D. 479, 482 (W.D. Mich. 1996) (Bell, C.J.)).[4]

If Williams wishes to assert a retaliation claim, he must file a complaint and thereby start a new civil action. *See Tapp v. Hedespeth*, 911 F.3d 734, 1990 WL 118702, *1 (6th Cir. Aug. 15, 1990) ("Tapp asserted new claims in his objections to the [R&R]. Tapp asserted that he was dismissed from his position as a 'legal aide' and transferred to another institution based upon a

---

[4]

*See, e.g., Conti v. Universal Enters., Inc.*, 50 F. App'x 690, 697 (6th Cir. 2002) ("As noted by the district court, plaintiff belatedly raised this issue for the first time in her objections to the Report and Recommendation. The district court rejected this argument because Conti had not filed a motion to compel while discovery was ongoing *and the issue was not properly raised for the first time in objections to the Report and Recommendation*. The district court did not abuse its discretion by ruling as it did.") (emphasis added);

*Davis v. Palmer*, 2007 WL 4178945, *1 (W.D. Mich. Nov. 20, 2007) (Bell, C.J.) ("Because Petitioner failed to raise a due process claim based upon the lack of corroboration for the confession or the sufficiency of the evidence in the habeas petition reviewed by the Magistrate Judge, Petitioner is procedurally barred from raising those arguments in his objections to the . . . R&R.").

*Cf. Coleman v. Dahlstrom*, 2006 WL 644477, *1 (W.D. Mich. Mar. 9, 2006) (Edgar, J.) ("It is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation.").

bogus charge of 'phone misconduct' which was brought against him in retaliation for his assistance to other prisoners in suing prison officials. The district court refused to consider Tapp's new claims[,] finding that they were properly the subject of a separate action.").

### ORDER

Accordingly, having reviewed Williams' complaint, the R&R, and Williams' timely objection to the R&R, the court hereby **OVERRULES** Williams' objection and **ADOPTS** the R&R.

The complaint is **DISMISSED with prejudice.**

This case is **TERMINATED.**

The dismissal of this action counts as a **"strike"** for purposes of 28 U.S.C. § 1915(g).

**The dismissal of the complaint is final, but it is not appealable**, because (1) the court determines that there is no good-faith basis for an appeal and (2) Williams waived his right to appeal by failing to identify specific purported defects in the Magistrate Judge's reasoning, *see Thrower v. Montgomery*, 50 F. App'x 262, 265 (6th Cir. 2002) ("Thrower did file a timely objection. However, not only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review.") (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) and *Howard v. HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).

To the extent that Williams intended to assert a retaliation claim in his objections to the R&R, this court's refusal to consider such retaliation claim is **likewise not appealable.** *See Murr v. US*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Petitioner did not raise this claim in his initial § 2255

motion. Rather, it was first raised in his supplemental objections to the Magistrate Judge's Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. * * * Petitioner's failure to raise this claim before the magistrate constitutes waiver.").[5]

**IT IS SO ORDERED this 9th day of April 2008.**

/s/ Paul L. Maloney

_____

Paul L. Maloney
United States District Judge

---

[5]

*See, e.g., Ward v. US*, 208 F.3d 216, 2000 WL 282648, *1 (6th Cir. Mar. 13, 2000) (per curiam) (Martin, Suhrheinrich, D.J. Gwin) ("The only argument that Ward did make in his objections was that his counsel rendered ineffective assistance by refusing to allow him to testify in his own behalf. However, a claim raised for the first time in objections to a magistrate judge's report is deemed waived. Ward has not preserved for review any issue in this appeal.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).